AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

District of New Jersey

| | |
|---|---|
| United States of America<br>v.<br>**Tristan Cottle** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendant(s)* | |

Case No.
    25-mj-4000 (MJS)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 10, 2024_____ in the county of _____Burlington_____ in the _____ District of _____New Jersey_____ , the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:

See Attachment B.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Laura Hurley, Special Agent, HSI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ *(specify reliable electronic means)*.

Date: _____January 2, 2025_____

_____
*Judge's signature*

City and state: _____Camden, New Jersey_____

Hon. Matthew J. Skahill, U.S. Magistrate Judge
_____
*Printed name and title*

CONTENTS APPROVED
UNITED STATES ATTORNEY

By: _Josephine Park_

Josephine J. Park
Assistant United States Attorney

Date: January 2, 2025

## ATTACHMENT A

## Possession of Child Pornography

On or about December 10, 2024, in Burlington County, in the District of New Jersey, and elsewhere, the defendant,

TRISTAN COTTLE

did knowingly possess material that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8), involving a prepubescent minor and a minor who had not attained 12 years of age, which images were mailed, shipped and transported using any means and facility of interstate and foreign commerce, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer, after having previously been convicted, in the Superior Court of New Jersey, Burlington County, of endangering welfare of children – possession of child pornography,

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## ATTACHMENT B

I, Laura Hurley, being first duly sworn, do hereby depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), assigned to the Assistant Special Agent in Charge office located in Mount Laurel, New Jersey. I am fully familiar with the facts set forth herein based on my own investigation, my discussions with other law enforcement officers, and my review of reports, documents, and other items of evidence. Where statements of others are related herein, they are related in substance and in part. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### Background

2. At all times relevant to this complaint, defendant Tristan Cottle ("Cottle") was a resident of Burlington County, New Jersey.

3. Cottle has three prior felony convictions for possession of child pornography. On August 25, 2015, Cottle pleaded guilty to endangering welfare of children – possession of child pornography, and received a probationary sentence. On November 8, 2017, Cottle pleaded guilty to another offense for possession of child pornography, and received a probationary sentence. In 2018, while he was still serving his term of probation, Cottle was convicted of another offense for possession of child pornography, and received a probationary sentence. In 2019, Cottle's probation was revoked and he was sentenced to five years' imprisonment.

### The Investigation

4. On October 21, 2024, the Honorable Elizabeth A. Pascal, United States Magistrate Judge, authorized a search warrant for b3nd0verbackwardsmf@gmail.com (Mag. No. 24-7103). The search warrant returns for the b3nd0verbackwardsmf@gmail.com account contained the following files, among other things:

    a.  Approximately 163 images and 157 videos depicting child pornography;

    b.  Numerous photographs depicting an individual believed to be Cottle;

    c.  A resume in the name of "Tristan M. Cottle" with a listed address believed to be Cottle's residence in Burlington County, New Jersey; and

d. Photographs of a New Jersey driver's license in the name "Tristan Cottle," and a debit card in the name of "Tristan M Cottle" and "Tristan Cottle."

5. On December 10, 2024, law enforcement officers executed a search warrant at Cottle's residence, located in Burlington County, New Jersey (the "House"). The warrant authorized the search and seizure of evidence of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

6. Upon executing the search warrant, law enforcement officers discovered three individuals—Cottle, Witness-1, and Witness-2—located in their respective bedrooms inside the House. The search of the House uncovered multiple electronic devices, including a Samsung Galaxy cell phone. The Samsung Galaxy cell phone was located in Cottle's bedroom.

7. A forensic search of the Samsung Galaxy cell phone showed several email addresses containing Cottle's name and a credit card in Cottle's name that was saved in an application on the device.

8. A forensic search of the Samsung Galaxy cell phone further revealed approximately six images and two videos stored on the device. A review of more than three of these files revealed that they were in fact images of child pornography, including depictions of prepubescent minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256. A description of two of the files is as follows:

A. A video file, which is approximately 18 seconds in length, depicts a prepubescent female wearing a long-sleeve shirt and no bottoms. At approximately 00:02, the female lifts one of her legs and holds it straight up in the air with her hand. The female then bends over and rotates her body, which fully exposes her genitalia and anus to the camera. The female then turns completely around, while still holding her leg with her hand, and exposes her buttocks to the camera.

B. A video file, which is approximately 14 seconds in length, appears to depict an advertisement for "Darkhub." The video contains several different images, many of which appear to depict prepubescent or early pubescent females and males. At approximately 00:01, an image depicts two prepubescent females with their pants pulled down, exposing their genitalia to the camera. At approximately 00:10, an image depicts a prepubescent female bound to a chair by her legs and arms. The female's chest and genitalia are visible to the camera. She does not have any visible pubic hair or breast development. In the same frame, another image depicts a nude prepubescent female who is being vaginally penetrated by the penis of an unknown male.

2

9. Law enforcement officers interviewed Witness-1 and Witness-2. Witness-1 stated that he resided at the House with Cottle and Witness-2. Witness-1 stated that he only utilized his own cell phones and desktop computer, which were located in his bedroom. Witness-2 also stated that he resided at the House with Cottle and Witness-1. Witness-2 also stated that he only utilized his own cell phone, desktop computer, and laptop, which were all located in his bedroom. Witness-2 stated that Cottle has his own Samsung cell phone.

10. Because this affidavit pertains to an ongoing criminal investigation, and because premature disclosure of the complaint, the arrest warrant, and the information contained herein may give targets an opportunity to flee from prosecution, destroy or tamper with evidence, increase risk of harm to law enforcement officers, or otherwise seriously jeopardize the investigation, I respectfully request that this affidavit, the complaint, the arrest warrant, and all related documents be filed under seal until further order of the Court, except for a copy of the arrest warrant to be served at the time of execution.

Respectfully submitted,

Laura Hurley, Special Agent
Homeland Security Investigations

This affidavit was sworn out via telephone, in compliance with Federal Rule of Criminal Procedure 4.1 on this _2nd_ day of January, 2025.

Honorable Matthew J. Skahill
United States Magistrate Judge

3